UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF WISCONSIN
_____ DIVISION www.wied.uscourts.gov
In re: Case No. **14-31425** Chapter 13

Debtor. ___WILLIAM JOHN FOLEY_____/

In re:

Debtor.   William John Foley
_____/
Plaintiff, Pro Se
v.
Sandwich Kings, Inc., and it's attorney
Joan M. Shepard
Nistler & Condon, S.C.

**UNITED STATES COURTS**
**EASTERN DISTRICT OF WISCONSIN**
**FILED**

11:59 PM
AFTER HOURS

## EMERGENCY MOTION FOR TO ODER DEFENDANT AND IT'S ATTORNEY TO RESPECT THE COURT'S IMPOSITION OF THE AUTOMATIC STAY

1) This Petition was filed September 10, 2014 at approximately 11:30AM, while the Milwaukee County Sheriff's Department, by Deputy Sheriff Brian Green, was in the initial stages of removing Defendant's property from Plaintiff's residence at 1961 N. Summit Avenue, Apartment 701, Milwaukee, Wisconsin 53202.

2) The Plaintiff, receiving the Notice of Bankruptcy Case Filing from the Clerk's Office, returned to Plaintiff's residence, presenting the Notice to Deputy Sheriff Green, who, despite reading the perfectly clear first paragraph (explaining the Automatic Stay) told Plaintiff at least five times "It's too late, it's too late!", while directing the moving staff to keep working. Plaintiff left the apartment, to the building entrance where Plaintiff observed moving staff loading the van with his belongings.

3) Plaintiff called the Sheriff's Department and was connected with Deputy/Sargent Docerty, who advised Plaintiff that it was impossible for Deputy Green to at the Plaintiff's residence, as he, Docerty, was responsible for scheduling replevin and eviction enforcement. Plaintiff received a two page document from Deputy Green (See Exhibit), note the document has no signatures, no dates and no times, supporting Deputy/Sargent Docerty's disbelief about the Sheriff's Personnel being at Plaintiff's residence.

4) Returning to his apartment, Plaintiff was advised by Deputy Green, that the Milwaukee County Corporate Counsel's Office had been contacted and he was awaiting direction. Deputy Green received a call and was told to cease seizure activities, but property that was on the truck could be taken, not returned to the Plaintiff. Plaintiff spoke to the individual on the phone, who refused to reconsider the absurd decision or give Plaintiff his name.

5) The movers returned the items to the apartment that hadn't gone down on the elevator. The deputies, left with the movers and all Plaintiff's property, illegally removed, including a 1998 Buick Riviera, the Plaintiff's only transportation.

6) Whether the Sheriff's Department, or more likely, Deputy Green, immediately contacted Nistler & Condon, the law firm and it's personnel were made aware of Plaintiff's Petition and recognized the inappropriate decision by a voice on a cellphone who refused to identify himself.

7) Nistler & Condon had a professional responsibility to advise the Trustee's Office, requesting direction. They failed, without the excuse of in sufficient experience in bankruptcy law, if for now other reason than their practice of the last five months with their prosecution of the Plaintiff with this debacle of deceit, to be unaware of the Automatic Stay. Claims of inexperience with procedures, is an outrageous, arrogant insult to this Court and a most casual disregard of this Court's authority.

## Remedies

1) The Defendant should be ordered to return all the unlawfully received property of the Plaintiff, post haste, including Plaintiff's automobile and all it's contents, particularly the Plaintiff's total inventory of Trade Secret Spices, covered by Non-Discloser Agreement with the Plaintiff's vendor.
2) Defendant should be barred by this Court from representing Sandwich Kings, LLC. in any of these proceedings, in any fashion, including physical presence or telephonically, for previous cited conduct of over zealousness and carelessness regarding this Court's concerns;
3) Defendant should be prepared to come before this Court, at a time convenient to this Court, to explain the unusual nature and improprieties observed in this process, brought to this Court by the inexperienced Plaintiff and also the concerns about Process in relation to this particular Plaintiff, expressed to Assistant .U.S Trustee David W. Asbach, by the Milwaukee Office of the Federal Bureau of Investigation as it may relate to an ongoing investigation regarding complaints of Civil Rights violations involving members of both the judiciary and the executive branches of Milwaukee County government.
4) The Court might consider, on behalf of the entire US Bankruptcy Bar of the Eastern District of Wisconsin, in light of the involvement of individuals in law enforcement, to order Deputy Brian Green, his service partner and their supervisor, Deputy/Sargent Docerty, to testify regarding the incongruities of this incident.

Dated 9/11/14

Respectfully submitted,

William J. Foley, Pro Se

United States Bankruptcy Court
Eastern District of Wisconsin

## Notice of Bankruptcy Case Filing

**Bankruptcy Case Number 14-31425**
concerning the debtor(s) listed below was filed under **Chapter 13** of the United States Bankruptcy Code on **09/10/2014** at **11:32 AM** and entered into the Case Management/Electronic Case Filing system on 09/10/2014 at 11:47 AM.

**William J. Foley**
1961 N. Summit Avenue
Milwaukee, WI 53202
SSN / ITIN: xxx-xx-1727



In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page www.wieb.uscourts.gov or at the Clerk's Office, Room 126, U.S. Courthouse, 517 East Wisconsin Avenue, Milwaukee, WI 53202-4581 (414-297-3291).

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

JANET L. MEDLOCK
Clerk, U.S. Bankruptcy
Court

| Case Caption | Execution Against Property |
|---|---|
| Sandwich Kings, LLC, et al<br>v<br>Bluemound Sandwich Kings, Inc. et al. | |
| | Case No. 13 CV 2944 |

**TO:** Sheriff of Milwaukee County:

Judgment was entered in this case as indicated below for the amount listed, plus subsequent costs, including statutory interest from entry of judgment.

You are ordered to satisfy this judgment out of the personal property of the judgment debtor within your county. If sufficient personal property cannot be found, satisfy the judgment out of the real property in your county belonging to the judgment debtor.

Return this execution within 60 days after you receive it, to the clerk of Circuit Court of the issuing county.

| Judgment Debtor(s) (Name and Address) | Debtor's Attorney (Name and Address) |
|---|---|
| William J. Foley<br>1961 N. Summit Ave. Suite 701<br>Milwaukee, WI 53202 | No attorney of record |
| Judgment Creditor(s) (Name and Address) | Creditor's Attorney (Name and Address) |
| Sandwich Kings, LLC, Three Sandwich Kings, LLC, Layton Sandwich Kings, LLC<br>10853 W. Bluemound Road<br>Wauwatosa, WI 53226 | Joan M. Shepard<br>Nistler & Condon, s.c.<br>7000 W. North Ave<br>Wauwatosa, WI 53213 |

| | | | |
|---|---|---|---|
| Date of Judgment: | May 6, 2014 | Total Judgment & Costs: | $ 1,906,325.15 |
| Date Docketed: | May 6, 2014 | Satisfaction/Releases/Modifications: | $ 2,731.50 |
| Time Docketed: | 3:48 p.m. | Net Due: | $ 1,903,593.65 |

Remarks/Description of property to be returned to creditor:
All Equipment, money, fixtures, personal property, furniture, cash registers, computers, food items, signage, slicers, food preparation surfaces, coolers, sinks, spices, aprons, packaging materials, cleaning supplies, picnic tables, umbrellas, vehicles, drink items, glassware, all items with Suburpia logos.

If execution is in a county other than the originating county, this information must be completed:

| County To Which Execution is Directed | Date Transcript Docketed | Time Transcript Docketed |
|---|---|---|
| | | |

GF-115, 01/07 Execution Against Property §815.05, Wis. Statutes
This form shall not be modified. It may be supplemented with additional material.
Case 14-31425-pp    Doc 6    Filed 09/11/14    Page 4 of 5

Seal

Clerk of Circuit Court:

_____
Authorized Signature     Date

_____
Address

_____ 06/20/14
Current Judgment Owner     Date
*attorney for Plaintiffs/judgment creditors*

Sheriff's Endorsement of Receipt
Date Received: _____
Time Received: _____

| To be completed by creditor or attorney. | |
|---|---|
| Net due from above | $1,903,593.65 |
| Interest due to date of July 30, 2014 | $18,639.65 |
| Total balance due to date of July 30, 2 | $1,922,233.30 |
| Per diem interest calculation $ 219.29/day x 85 | $1,922,233.30 |

| To be completed by sheriff. |
|---|
| **Total amount due upon execution** $ _____ including sheriff's fees. |

GF-115, 01/07 Execution Against Property

This form shall not be modified. It may be supplemented with additional material.

Wis. Stats. 815.05

Case 14-31425-pp    Doc 6    Filed 09/11/14    Page 5 of 5