UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF WISCONSIN
_____ DIVISION www.wied.uscourts.gov

In re: Case No. **14-31425** Chapter 13

Debtor. \_\_\_WILLIAM JOHN FOLEY_____/

In re:

William John Foley

Debtor. _____/

Plaintiff, Pro Se

v.

Sandwich Kings, Inc., and it's attorney
Joan M. Shepard
Nistler & Condon, S.C.

### EMERGENCY MOTION FOR TO ODER DEFENDANT AND IT'S ATTORNEY TO RESPECT THE COURT'S IMPOSITION OF THE AUTOMATIC STAY

1) This Petition was filed September 10, 2014 at approximately 11:30AM, while the Milwaukee County Sheriff's Department, by Deputy Sheriff Brian Green, was in the initial stages of removing Defendant's property from Plaintiff's residence at 1961 N. Summit Avenue, Apartment 701, Milwaukee, Wisconsin 53202.

2) The Plaintiff, receiving the Notice of Bankruptcy Case Filing from the Clerk's Office, returned to Plaintiff's residence, presenting the Notice to Deputy Sheriff Green, who, despite reading the perfectly clear first paragraph (explaining the Automatic Stay) told Plaintiff at least five times "It's too late, it's too late!", while directing the moving staff to keep working. Plaintiff left the apartment, to the building entrance where Plaintiff observed moving staff loading the van with his belongings.

3) Plaintiff called the Sheriff's Department and was connected with Deputy/Sargent Docerty, who advised Plaintiff that it was impossible for Deputy Green to at the Plaintiff's residence, as he, Docerty, was responsible for scheduling replevin and eviction enforcement. Plaintiff received a two page document from Deputy Green (See Exhibit), note the document has no signatures, no dates and no times, supporting Deputy/Sargent Docerty's disbelief about the Sheriff's Personnel being at Plaintiff's residence.

4) Returning to his apartment, Plaintiff was advised by Deputy Green, that the Milwaukee County Corporate Counsel's Office had been contacted and he was awaiting direction. Deputy Green received a call and was told to cease seizure activities, but property that was on the truck could be taken, not returned to the Plaintiff. Plaintiff spoke to the individual on the phone, who refused to reconsider the absurd decision or give Plaintiff his name.

5) The movers returned the items to the apartment that hadn't gone down on the elevator. The deputies, left with the movers and all Plaintiff's property, illegally removed, including a 1998 Buick Riviera, the Plaintiff's only transportation.

6) Whether the Sheriff's Department, or more likely, Deputy Green, immediately contacted Nistler & Condon, the law firm and it's personnel were made aware of Plaintiff's Petition and recognized the inappropriate decision by a voice on a cellphone who refused to identify himself.

7) Nistler & Condon had a professional responsibility to advise the Trustee's Office, requesting direction. They failed, without the excuse of in sufficient experience in bankruptcy law, if for now other reason than their practice of the last five months with their prosecution of the Plaintiff with this debacle of deceit, to be unaware of the Automatic Stay. Claims of inexperience with procedures, is an outrageous, arrogant insult to this Court and a most casual disregard of this Court's authority.

## **Remedies**

1) The Defendant should be ordered to return all the unlawfully received property of the Plaintiff, post haste, including Plaintiff's automobile and all it's contents, particularly the Plaintiff's total inventory of Trade Secret Spices, covered by Non-Discloser Agreement with the Plaintiff's vendor.
2) Defendant should be barred by this Court from representing Sandwich Kings, LLC. in any of these proceedings, in any fashion, including physical presence or telephonically, for previous cited conduct of over zealousness and carelessness regarding this Court's concerns;
3) Defendant should be prepared to come before this Court, at a time convenient to this Court, to explain the unusual nature and improprieties observed in this process, brought to this Court by the inexperienced Plaintiff and also the concerns about Process in relation to this particular Plaintiff, expressed to Assistant .U.S Trustee David W. Asbach, by the Milwaukee Office of the Federal Bureau of Investigation as it may relate to an ongoing investigation regarding complaints of Civil Rights violations involving members of both the judiciary and the executive branches of Milwaukee County government.
4) The Court might consider, on behalf of the entire US Bankruptcy Bar of the Eastern District of Wisconsin, in light of the involvement of individuals in law enforcement, to order Deputy Brian Green, his service partner and their supervisor, Deputy/Sargent Docerty, to testify regarding the incongruities of this incident.

Dated OCTOBER 1, 2014

Respectfully submitted,

William J. Foley, Pro Se

UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF WISCONSIN
_____ DIVISION www.wied.uscourts.gov
In re: Case No. **14-31425** Chapter 13

Debtor. ___WILLIAM JOHN FOLEY_____/
In re:

William John Foley
Debtor. _____/
Plaintiff, Pro Se
v.
Sandwich Kings, Inc., and it's attorney
Joan M. Shepard
Nistler & Condon, S.C.

### ORDER FOR DEFENDANT TO RETURN, POST HASTE, POSSESSIONS OF PLAINTIFF WHO WAS UNDER THE PROTECTION OF THE AUTOMATIC STAY

1) Plaintiff demonstrated to Agents of Defendants that Plaintiff had filed for protection under Chapter 13 of the United States Bankruptcy Code by producing a Notice of Bankruptcy Case Filing which clearly explains the Automatic Stay Provision of the Statue.

2) Defendant's Agents ultimately ceased seizure of Plaintiff's protected property, but property already seized, including an automobile, computers, clothing, business records, assorted personal possessions, and other items as yet to be confirmed, were removed in violation of the Automatic Stay.

3) On being notified of developments during the seizure, Defendants, Officers of the Court, failed to act with respect for the Automatic Stay Provision and accepted control of the Protected Property, without notifying the Office of the United States Trustee, to notify that office of the error, or seek direction to resolving the unlawful conduct.

**Ordered:**
All property of Plaintiff, unlawfully seized in violation of the Automatic Stay, must be returned to Plaintiff, without regard to any additional costs involved for the Defendants.

**DATED:** _____


_____
**Pamela Pepper**
**UNITED STATES BANKRUPTCY JUDGE**

RECEIVED

2014 OCT -1 PM 3:20

US BANKRUPTCY COURT
EASTERN DISTRICT OF W...