THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: October 6, 2014



Pamela Pepper
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WISCONSIN

_____

IN RE:        WILLIAM J. FOLEY,                    Case No. 14-31425-pp

                    Debtor.                        Chapter 7

_____

The debtor filed a Chapter 13 bankruptcy petition on September 10, 2014. He filed five (5) pages—the voluntary petition, and Exhibit D—Individual Debtor's Statement of Compliance with Credit Counseling Requirement. On Exhibit D, the debtor marked box #2, indicating that he had obtained a credit briefing within 180 days prior to filing his bankruptcy case, but that he had not yet received the certificate of completion. The text in box #2 of Exhibit D informed the debtor that he needed to file that certificate "no later than 14 days after" he filed his bankruptcy case. The debtor needed to provide the Court with the completion certification by September 24, 2014.

September 24 came and went, and the debtor had not filed the completion certificate. Accordingly, on September 26, 2014, the Court issued an order dismissing the debtor's case (because 11 U.S.C. §109(h)(1) provides

1

that an individual is not eligible to be a debtor in bankruptcy if he or she has not obtained the credit briefing prior to filing the petition). Accordingly, the debtor's case has been dismissed since September 26, 2014.

On the same day, the clerk's office – in error – closed the debtor's bankruptcy case. "Dismissing" a case and "closing" a case are two different functions. The Court *dismissed* the debtor's case on September 26, which meant, under the law, that the debtor no longer had an active bankruptcy case. But the clerk's office should not have administratively *closed* the case on that date, because there were other administrative, "background" actions that the clerk's office had not yet taken. Accordingly, on October 2, 2014, the Court ordered the clerk's office to reopen the debtor's case. This did *not* meant that the debtor had an active bankruptcy case at that time. Rather, it meant that the clerk's office could clean up whatever administrative details remained necessary before again closing the case.

On September 29, 2014, the debtor faxed a number of documents to the chambers of the above-signed judge. Eastern District of Wisconsin Bankruptcy Court Local Rule 5005.2 prohibits parties from filing documents by fax. The above-signed wrote the debtor a letter—which appears on the docket at docket no. 21—informing the debtor that if he wished the Court to take action on whatever documents he'd faxed, he needed to file them in person or by U.S. mail. On October 1, 2014, the debtor personally filed in the clerk's office a letter he had written to the regional United States Trustee and an affidavit of

someone named Paul K. Lundsten. Neither of these documents appeared to be a request for the Court to take any action; neither were addressed to the Court, and as far as the Court could tell, they were not related to the fact that the Court had dismissed the debtor's bankruptcy case. Indeed, the debtor appeared to be unaware that the Court had dismissed his case for failure to comply with the credit briefing requirement.

On that same date, the debtor filed the certificate of completion for his credit briefing. The certificate showed that on April 13, 2014—some five months before he filed his bankruptcy case—he completed the credit briefing with Abacus Credit Counsel. Because the law requires debtors to obtain the credit briefing within 180 days (six months) prior to filing their petitions, it appears to the Court that the debtor did, in fact, comply with the requirements of §109(h)(1), and is eligible to be a debtor.

Accordingly, the Court is going to vacate its September 26, 2014 order dismissing the debtor's case, and is going to reinstate the bankruptcy case.

The debtor should be aware of several things. First, the trustee assigned to the debtor's case had, before the Court dismissed the case, scheduled a meeting of creditors under §341 of the Bankruptcy Code. The trustee had scheduled that meeting for October 24, 2014 at 10:30 a.m. in Room 428 of the Federal Courthouse, 517 East Wisconsin Avenue, Milwaukee, WI. ***The debtor is still obligated to attend that meeting, unless the trustee assigned to his case—Mary B. Grossman—tells him otherwise.***

3

Second, it has been almost a month since the debtor filed his bankruptcy petition, and he has not yet filed his schedules or his Chapter 13 plan. The Court sent the debtor an order, dated September 11, 2014, telling him that he needed to file those documents within fourteen days of filing his petition, and telling him that if he did not file his Chapter 13 plan within those 14 days, or ask for an extension of time to do so, the Court would dismiss his case. The Court understands that the debtor has, in other of the many pleadings he has filed in this case, asserted that he doesn't have his computer. But there are other places where a debtor may use computers—libraries, copy shops—and the Court can give the debtor only so much time to get his documents filed. While he did file a motion asking for an extension of time to file his documents, he filed that motion on October 1, 2014—far outside the 14-day period. And he did not give the Court a deadline by which he anticipated that he could get his schedules filed. The Court will give the debtor some additional time, but it cannot be indefinite.

The day after he filed his Chapter 13 petition, the debtor filed a document entitled, "Emergency Motion for to Oder [sic] Defendant and It's [sic] Attorney to Respect the Court's Imposition of the Automatic Stay." Although the above-captioned case is a bankruptcy case, the debtor styled this pleading as if he were filing it in a lawsuit. He named as the "defendants" Sandwich Kings, Inc. and Attorney Joan M. Shepard of Nistler & Condon, S.C. It appears from the text of this motion that the debtor was seeking the return of certain

property seized by the Milwaukee County Sheriff's Department during an eviction which was in process on the day the debtor filed his bankruptcy case.

This case is not a "lawsuit." There are no "defendants." The proper way to ask a bankruptcy court to do something is to file a motion. The party filing the motion should explain what the parties wants, from whom, and why. And most important, the law requires that the party file something with the Court, proving that the party served a copy of the motion on the person or people against whom he filed the motion, and give that person or people an opportunity to object.

There is nothing on this Court's docket to demonstrate that the debtor served a copy of the emergency motion on Sandwich Kings, or on Attorney Shepard. Nor is there anything on the record showing that the debtor gave Sandwich Kings or Attorney Shepard an opportunity to respond to his motion. Until that happens, the Court is not in a position to take any action on the debtor's motion. Once the debtor gives notice and an opportunity to object to these entities (and any other entities he believes violated the stay), the Court will schedule a hearing if the parties whom the debtor notices object. The Court notes that most of the debtor's motion discusses actions by the Milwaukee County Sheriff's Department, so it is not clear to this Court why the debtor is alleging that Sandwich Kings or Attorney Shepard violated the stay. Regardless, the Court can take no action until the debtor sends a copy of the motion to the people he wants the Court to take action against, gives them an

opportunity to object (usually fourteen days, under the Court's local rules), and files a certificate with the Court attesting to the fact that he did so and indicating the address to which he sent the notice.

On September 24, 2014, creditor Watercrest Investments filed a motion for relief from stay regarding property located at 1962 N. Prospect Avenue, #701, in Milwaukee. The creditor filed a certificate of service indicating that it had served a copy of its motion on the debtor at that address—1962 North Prospect Avenue, Apartment 701, Milwaukee, WI 53202. The moving creditor did not, however, provide a deadline by which the debtor could object to the motion, as required by the Court's local rules. In addition, the Court notes that the debtor has reported a change of address; this means that the debtor may not have received the motion for relief from stay. Once it reopens this case, the Court will notify the creditor that it has not provided an objection deadline.

Finally, as the Court noted earlier, the debtor filed on October 1 a letter he'd sent to Trustee Asbach, as well as an affidavit. If the debtor wishes this Court—the bankruptcy judge—to do something, then the proper procedure is for the debtor to file and notice a motion. The debtor should not, however, file letters to other entities on the Court docket, unless those letters relate to a particular motion on file with the Court.

**WHEREFORE**, the Court **ORDERS** as follows:

Because the debtor has filed a certificate demonstrating that he obtained a credit briefing within the 180 days prior to the date on which he filed his bankruptcy petition, the Court hereby **VACATES** its September 26, 2014 Order Dismissing Case, and **ORDERS** that the clerk's office **REINSTATE** the case, effective immediately.

The Court **GRANTS** the debtor's October 1, 2014 motion to extend the deadline to file schedules, other required documents, and a Chapter 13 plan of reorganization. The Court **ORDERS** that the debtor must file these documents no later than **OCTOBER 20, 2014**. If the debtor does not file these documents by the end of the day on October 20, 2014, the Court will dismiss the debtor's case on the following business day without further notice or hearing.

The Court will take no action on the debtor's September 11 and October 1 emergency motions regarding alleged violations of the automatic stay, until such time as the debtor serves those motions on the parties named in the motion, gives them an opportunity to object, and files proof with the Court that he did so.

# # # # #