UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes

CHAPTER: 13
DATE: October 22, 2014
JUDGE: Pamela Pepper
CASE NO: 2014-31425
DEBTOR: William J. Foley
NATURE OF HEARING: Motion to Extend Time to File Completed Schedules
APPEARANCES: William J. Foley – Debtor
Rebecca Garcia – Chapter 13 Trustee
COURTROOM DEPUTY: Kristine Wrobel
TIME: 11:04 a.m. – 11:22 a.m.

    The motion requested more time for the debtor to complete his schedules, due to the fact that he had been evicted and had been so emotionally impacted by his experience that he had not been able to complete the schedules. The objection indicated that the debtor had filed his petition on September 10th, and already had obtained one extension (until October 20th). The objection further indicated that the trustee had scheduled the §341 for October 24, 2014, and that if the Court were to grant any further extensions, the trustee would not have time to review the schedules and plan before the hearing. The objection noted that the motion had requested an extension of time only to file the schedules, not to file the plan.

    At today's hearing, the debtor explained that he had suffered health issues which had affected his thought processes, making it difficult for him to participate in the way that he'd like in the bankruptcy process. The Court enquired why, if the debtor was able to file various motions alleging violations of the automatic stay, he could not file his schedules and plan. The debtor responded that when he had been evicted, the movers had taken everything except his iPad, and that he was using that device to file documents the Court. He told the Court that, until the Court ruled on his motions alleging violations of the automatic stay, he did not have the emotional strength to file schedules or a plan or any of the other documents necessary to proceed with the bankruptcy.

    The Court explained that the Bankruptcy Code required every debtor to file schedules and, in Chapter 13 cases, a plan, and that until he filed those documents, neither the trustee nor the Court had the information necessary to review the debtor's financial situation. The debtor asked whether he could just orally provide the Court with that information at today's hearing. The Court responded that the law required the debtor to file the schedules and plan with the Court. The Court did tell the debtor that he could obtain the necessary forms, either by visiting the Court's website or by obtaining a paper form

1

packet in the Clerk's office. The debtor told the Court that he would come get the forms and fill them out today.

The trustee explained that the debtor needed to appear at the §341 meeting on Friday, regardless of whether he had filed the documents by that date. She advised the debtor to bring with him to the meeting on Friday his driver's license and, if he had it, proof of his Social Security number. The trustee told the Court that if the debtor filed his schedules and plan by today's end, she would do her best to get through them before the meeting on Friday.

The Court gave the debtor a deadline of 4:30 p.m on October 22, 2014 to file his completed schedules and plan. The debtor agreed to complete the forms as best he could, and to file them today.