UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN DIVISION
www.wied.uscourts.gov
In re:
Case No. **14-31425-pp** <u>William John Foley</u> Chapter 13, Pro Se

# MOTION FOR PARTIAL SUMMARY JUDGEMENT
# FOR VIOLATION OF SECTION 362 THE AUTOMATIC STAY
# AND FOR A TIME OF AN EXPEDITED HEARING IF REQUIRED

1.) THE COURT accepted on October 20, 2014, the debtor's motion, for creditor Sandwich Kings, LLC., to answer, by November 3, 2014, why it shouldn't be found to have violated Section 362, The Automatic Stay, on September 10, 2014. Debtor received an envelope, on October 31, 2014, which debtor presumed was also received by the Court. The contents of which were merely copies of actions taken by a Milwaukee Circuit Court in 2014, months prior to debtor filing Chapter 13. Debtor was expecting some creative defense to a claim of Violation of Section 362, that Congress states in the Code has no defense.

2.) 11 U.S.C. Section 362, the "Automatic Stay" is the best known section in the Code and is the backbone of every bankruptcy from the moment the bankruptcy petition is filed with the Court Clerk's office.

> Section 362(a) delineates the types of matters which are "stayed"; subsection 362(b) describes the matters which are not bound by the Stay; Subsection 362(c) explains the time period during which the stay operates in cases under various chapters in the Code, and **Subsections 362(d) through (g) provides the framework for motions filed with the Bankruptcy Court for "Relief from the Stay" to enable a creditor to take action which is otherwise prohibited under subsection 362(a).**

3.) Subsection 362(h) describes the penalties that can be assessed for violations of the Automatic Stay. It reads as follows: **"An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages, but it only refers to individuals." It is also important to recognize that subsection 362(h) is considered as an additional right for individual debtors and not foreclosing other remedies that might be available to them.** 130 Cong. Record 6504 (House March 26, 1984).

4.) Subsection 362(h) has even been interpreted to have a restriction built into the remedies available: **the violation must be "willful" in order for damages and attorneys' fees to be awarded.** An example of how "willful" has been defined by some courts as is contained in Atkins v. Martinez, 176 B.R. 1008 (Bankr. D. Minn. 1994): **"The element of deliberation that is contemplated here, of course, is the specific intent to proceed with an act, knowing that it is proscribed by a court order".** Recently, the First Circuit decided Fleet Mortgage Group, Inc. v. Kaneb, 1999 WL 1006329 (1st. Cir.) and described how "willful" will be defined in this. **Of further interest in the Kaneb case is that the debtor was awarded damages in the sum of $25,000 for emotional distress and $18,200.68 in attorneys' fees and costs of appeal. The emotional distress damages were deemed appropriate, in part, due to the specificity with which the debtor was able to describe the harm he suffered as a result of the bank's stay violations."**

The Court concluded that **a willful violation does not require a specific intent to violate the Stay. The standard under Subsection 362(h) is met if there is knowledge of the Stay and the defendant intended the actions which constituted the violation.** Kaneb, supra. at 2. **Further, where the creditor received actual notice of the automatic stay, courts must presume that the violation was deliberate.** Kaneb, at 2. Finally, the First Circuit gave guidance as to the burden of proof in Stay violation actions. "The debtor has the burden of providing the creditor with actual notice. <u>Once the creditor receives actual notice</u>, the burden shifts to the creditor to prevent violations of the automatic stay." Kaneb, at 2.

Page 2 of 5

Case 14-31425-pp    Doc 62    Filed 11/04/14    Page 2 of 5

5.) The foregoing examples all portrayed common, ordinary, routine, day to day, hour by hour, business processes, accomplished by administrative staff, from coast to coast, border to border, with no similarity, in any fashion to the violation addressed in this motion. There is active discussion regarding the absence of on-duty sheriff's department staff being present, whether the replevin action had been processed lawfully and the fact that the deputy sheriffs, on-duty or otherwise, were purportedly directed and spoke to at least one attorney from the Milwaukee County Corporate Counsel's Office. This attorney, as yet unknown, who "authorized" the violation of 362, as matter-of-factly as a loyalist civil servant in 1770's Boston "authorized" British troops into Boston homes or a Nazi bureaucrat "authorizing" storm troopers into "suspect" homes in Berlin in 1940. This conduct is so abhorrent, so ruthless, so overtly crimminal, disregarding the very fabric of our society, our system of laws, not only local, but disregarding our federal courts, with a far greater disregard than demonstrated in Jackson, Mississippi in 1967. This is a nation of laws, how frequently has this happened in other Milwaukee homes, Wisconsin homes or any American homes and how will this good Court insure that this will never happen again, that the message goes forth, in these precarious economic times that creditors must obey the law without a seriously punitive damage award that will be heard and understood clearly, by all creditors, in all fifty states that reassures all Americans that the Federal Bankruptcy Courts and it's staffs will guarantee that all debtors who come before its courts will be treated with dignity, respect and treated fairly to insure the opportunity to continue their own search for the American Promise of life, liberty and the pursuit of happiness as intended by our Forefathers,

6.) But it is still worse. Debtor returned the day of the replevin action with a Bankruptcy Court Notice Of Filing, clearly describing the Bankruptcy Court protection, yet people, American citizens, who had spent years in additional schooling, licensed by the State of Wisconsin, who had sworn, under oath, to uphold the laws and the Constitution of these United States, became so invigorated, so full of power, that confronted by a protection afforded to all American citizens, insured by other Americans who made the greatest measure, giving their lives so others could

lives of freedom in a democracy protected by laws and systems of checks and balances. But these men cared less about the sacrifice, comfortable in the belief, that there would be no consequence, because they are attorneys, "Officers of the Court" and above the laws that keep us free. They are thieves who've been caught.

7.) But it is still worse. The removal of additional personal belongs having cease at the debtor's home, though a third of the moving van had been loaded, the fact that they knew, the removed items must be returned, not doing so being the equivalent of theft under Federal law, the deputies were joined at another home, by one of the beneficiaries of the replevin, Marietta German Duncan, who with her husband, were invited by the deputies to go "shopping" through the residence of the other target of the replevin.

The man was kept at bay, by the deputies, while the Duncans, outside of the view of the man, selected items, exempt from seizure under Wisconsin law, including a 2004 GMC truck, that the deputies knew to be exempt, the other property had only nostalgic value for the 67 year old man, the items being family belongings passed down from his grandparents, taken by the Duncans. The man subsequently reported $500 had been taken from the top of a bedroom dresser.

8.) But it is still worse. Debtor filed what he perceived was a motion regarding the violation the following day, filing it with the Clerk of the Bankruptcy Court. It was thirty some days, before the "motion" was located, but the Court's staff patiently mentoring the debtor on what was lacking in debtor's original motion attempt. Creditor's attorneys were served and given a full fourteen days to answer debtor's Motion, as the Court had directed. For fourteen days there was no response. Nothing, no "Oops!, we'd like to at least, mitigate the damages.", nothing. Until Halloween evening, opening the envelope from the Creditors' attorney, only to find six month old County Court documents, from the lawsuit resolved by a judge, without the wasted time of a trial, or all the laborious testimony from the defendant or review of the defendant's documents, which would have proved the perjurious claims and testimony of "Christain" "Donnie" Kramer and Marietta Davis German Duncan.

9.) It seems to the debtor that the Halloween envelope was the backhand of the first slap across the face of the blindfolded woman holding the scales. One further demonstration of the lack of respect that this creditor has for the Federal Bankruptcy Court, but another opportunity to demonstrate who will be the smartest people in the courtroom. They have no answer, in reality, per the code, there can be no answer; but they remain aloof.

10.) After recognizing the Court's remarkable demonstration of patience, the debtor hopes the Court appreciates the patience it has demonstrated, life on hold, financial reserves seriously compromised, the inability to secure competent counsel, literal agonizing over fear of displeasing, or worse, angering the Court, lack of proper format and content in written communication with the Court, finally the uncertainty of the entire process. Debtor prays the court might, if at all possible, find an early date to hear this motion.

This was submitted by debtor on November 4, 2014.

Dated NOVEMBER 4, 2014

Respectfully submitted,

William J. Foley, Pro Se