Marc Rassbach
PO Box 39
Milwaukee, WI 53201-0039



November 27th, 2014

Clerk of The Bankruptcy Court
Janet L Medlock
Room 126, U.S. Courthouse
517 East Wisconsin Avenue
Milwaukee WI 53202-4581

Ms. Medlock,

The instructions on Form B9A for case 14-31425-gmh states:

"Insufficient information has been filed to date to permit the clerk to make any determination concerning the presumption of abuse."

Now why the Clerk makes such a decision I am unclear about but do consider this communication a request for reflection of the sufficent information already filed and request of the Clerk to upon review of the filed records to make a determination of abuse. Everything mentioned below is already in the hands of The Clerk thus making this a simple review of existing data.

US code Title 11, Chapter 3, Subchapter IV section 362(c)(4) is set up as a reaction to prima facia guilt of abuse of process when a 3rd Bankruptcy filing is made in less than a year. 14-24439-GMH and 14-24438-GMH were 2 previous cases filed by William Foley who less than 180 days later filed 14-31425-gmh and has therefore abused the automatic stay process by not only claiming protection debtor William Foley does not deserve but also attempted to use the power of the Court to return a car that was not his via his filings.

The second abuse the Clerk has the power to observe is the section on form B9A that states:

Name(s) used by the debtor(s) in the last 8 years (including married, maiden, trade) and address:

This section is hardly complete given the address changes already on file along with the business names/addresses already on file from the past bankruptcy cases of 14-24439-GMH and 14-24438-GMH.

Already filed in the case is statements by Debtor William Foley is he only had the

IRS/Wisconsin tax department at the start and yet now there is debtors like US Foods, Papa's Bakery and others. The 2 previously filed bankruptcies list debtors who have not been notified or listed for this bankruptcy. A primary duty under Title 11, Chapter 5, Subchapter II Section 521(a)(1)(A) is a list of creditors and it should be obvious to the Clerk that Debtor William Foley has not even bothered to meet this simple requirement.

Not informing the Court of the full information it requests sure **SEEMS** abusive of the process under 11 U.S.C. j 707(b)
 that "the clerk [needs] to make any determination concerning the presumption of abuse.
" per form B9A.


Be seeing you.

Marc Rassbach