THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: December 5, 2014

G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF WISCONSIN

In Re:

William J. Foley,  Case No. 14-31425-GMH

Debtor.  Chapter 7

**ORDER**

The debtor has filed a motion requesting that I enjoin an ongoing state criminal proceeding against him.

The debtor's motion fails on procedural grounds. The debtor must commence an adversary proceeding to request injunctive relief. See Fed. R. Bankr. P. 7001 ("The following are adversary proceedings: . . . (7) a proceeding to obtain an injunction or other equitable relief . . .").

And an adversary proceeding to enjoin an ongoing state criminal proceeding would be frivolous. In the absence of express congressional authorization, federal

courts lack jurisdiction to enjoin state proceedings: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. §2283. See generally *Younger v. Harris*, 401 U.S. 37 (1971).

Congress hasn't authorized this court to enjoin ongoing criminal proceedings against debtors nor is such an injunction needed to aid this court's jurisdiction over the debtor's estate or to effectuate its judgment. Indeed, Congress expressly *excepted* state criminal prosecutions against the debtor from the automatic stay imposed by 11 U.S.C. §362(a). 11 U.S.C. §362(b)(1).

The motion is denied.

So ordered.

#####