```
                           United States Bankruptcy Court
                             Eastern District of Wisconsin
```

In re:                                                              Case No. 14-31425-gmh
William J. Foley                                                    Chapter 7
         Debtor
                              **CERTIFICATE OF NOTICE**

District/off: 0757-2          User: lmi                 Page 1 of 1              Date Rcvd: Dec 05, 2014
                              Form ID: pdfhrg           Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 07, 2014.
db              +William J. Foley,    11400 W. Bluemound Road,    Suite 300,    Brookfield, WI 53226-4049

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 07, 2014                          Signature:   /s/Joseph Speetjens

_____

                          **CM/ECF NOTICE OF ELECTRONIC FILING**

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 5, 2014 at the address(es) listed below:
              Douglas F. Mann    dfmatty@aol.com,   dfmann@ecf.epiqsystems.com
              Joan M. Shepard    on behalf of Creditor Attorney   Sandwich Kings, LLC, d/b/a Suburpia, et al.
               joanymsheep@gmail.com,    jshepard@nistlerlaw.com
              Office of the U. S. Trustee    ustpregion11.mi.ecf@usdoj.gov
              Robert N. Meyeroff    on behalf of Petitioning Creditor   Watercrest Investments
               rmeyeroff633@sbcglobal.net
                                                                                             TOTAL: 4

THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: December 5, 2014

G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF WISCONSIN

In Re:

William J. Foley,                                    Case No. 14-31425-GMH

        Debtor.                                    Chapter 7

**ORDER**

The debtor has filed a motion requesting that I enjoin an ongoing state criminal proceeding against him.

The debtor's motion fails on procedural grounds. The debtor must commence an adversary proceeding to request injunctive relief. See Fed. R. Bankr. P. 7001 ("The following are adversary proceedings: . . . (7) a proceeding to obtain an injunction or other equitable relief . . .").

And an adversary proceeding to enjoin an ongoing state criminal proceeding would be frivolous. In the absence of express congressional authorization, federal

courts lack jurisdiction to enjoin state proceedings: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. §2283. See generally *Younger v. Harris*, 401 U.S. 37 (1971).

Congress hasn't authorized this court to enjoin ongoing criminal proceedings against debtors nor is such an injunction needed to aid this court's jurisdiction over the debtor's estate or to effectuate its judgment. Indeed, Congress expressly *excepted* state criminal prosecutions against the debtor from the automatic stay imposed by 11 U.S.C. §362(a). 11 U.S.C. §362(b)(1).

The motion is denied.

So ordered.

#####

2

Case 14-31425-gmh    Doc 95    Filed 12/07/14    Page 3 of 3