```
                              United States Bankruptcy Court
                              Eastern District of Wisconsin
```

In re:                                                          Case No. 14-31425-gmh
William J. Foley                                                Chapter 7
        Debtor
                              **CERTIFICATE OF NOTICE**

District/off: 0757-2          User: lmi              Page 1 of 1           Date Rcvd: Dec 09, 2014
                              Form ID: pdf2          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 11, 2014.
db             +William J. Foley,   11400 W. Bluemound Road,   Suite 300,   Brookfield, WI 53226-4049

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Marc Rassbach
                                                                             TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 11, 2014                          Signature:  /s/Joseph Speetjens

---

### CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 8, 2014 at the address(es) listed below:
              Douglas F. Mann    dfmatty@aol.com, dfmann@ecf.epiqsystems.com
              Joan M. Shepard    on behalf of Creditor Attorney    Sandwich Kings, LLC, d/b/a Suburpia, et al.
               joanymsheep@gmail.com, jshepard@nistlerlaw.com
              Office of the U. S. Trustee    ustpregion11.mi.ecf@usdoj.gov
              Robert N. Meyeroff    on behalf of Petitioning Creditor    Watercrest Investments
               rmeyeroff633@sbcglobal.net
                                                                                             TOTAL: 4

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

| | |
|---|---|
| CHAPTER: | 13 |
| DATE: | November 25, 2014 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 14-31425 |
| DEBTOR: | William J. Foley |
| NATURE OF HEARING: | (1) Trustee's Motion to Dismiss; (2) Debtor's Motions Re: Automatic Stay; (3) Credit Marc Rassbach's filings; (4) Debtor's Motion to Convert; (5) Debtor's Motion for Partial Summary Judgment |
| APPEARANCES: | William Foley, the debtor |
| | Marc Rassbach, a creditor |
| | Mary Grossman, the Chapter 13 trustee |
| | Joan Shepard, attorney for Sandwich Kings, LLC |
| LAW CLERK: | Emily Stedman |
| TIME: | 11:47 A.M. to 12:37 P.M. |
| ADJOURNED DATE: | January 28, 2015 at 9:30 A.M. |

The Court had scheduled this hearing to address a number of pleadings. The Court first addressed the trustee's motion to dismiss. The motion alleged that the debtor did not qualify as a debtor under Chapter 13, because his debts exceeded the statutory limit in §109. The Court noted that the trustee had provided an objection deadline of November 18, 2014, and that neither the debtor nor any other party had objected. The debtor responded that he thought the Court would have interpreted his motion to convert to Chapter 11 as an objection to the trustee's motion. The Court responded that it had received the motion to convert, but that because the debtor never had paid the filing fee for that motion, the Court could not take any action on it. The Court further noted that a motion to convert did not constitute an objection to a motion to dismiss. It also noted that according to his own schedules, the debtor did not have income sufficient to support either a Chapter 13 plan or a Chapter 11 plan, which would prevent the Court from granting the motion to convert, even if the debtor had paid the filing fee. The debtor stated that he had the ability to go out and develop business interests, which would allow him to fund a plan. The Court stated that it was aware that he had such plans, but stated that he now had been in Chapter 13 for a significant period of time and had made no showing of the ability to fund a plan. The Court also stressed that a bankruptcy court did not serve as an appellate court for the state court. At that time, the debtor orally asked the Court to convert his case to one under Chapter 7. The trustee did not object. Counsel for Sandwich Kings objected, but the Court explained that a debtor had an absolute right to convert from Chapter 13 to Chapter 7. Accordingly, the Court sustained the trustee's

1

Case 14-31425-gmh    Doc 98    Filed 12/11/14    Page 2 of 4

motion to dismiss, but stayed the order for two weeks. If the debtor files a motion to convert within that time frame, the case will continue as a Chapter 7 case. If the debtor does not file a motion to convert to Chapter 7 by December 9, 2014, the Court would dismiss the case on the following business day without further notice or hearing. The Court also denied the debtor's motion to convert the case to one under Chapter 11. Trustee Grossman will prepare the order.

Next, the Court addressed the debtor's allegations that certain parties had violated the automatic stay. The Court noted that many complex legal issues surrounded the circumstances that had occurred on September 10, 2014, when deputies had appeared to seize the debtor's property. The Court noted that while the debtor had made allegations against numerous entities, including the sheriff's department, he'd named only Sandwich Kings, et al. in his pleadings, and thus, the other parties the debtor had accused were not litigants in the case. Because the debtor had alleged intentional violations of the automatic stay, and because the opposing parties had denied those allegations, the Court told the parties that an evidentiary hearing was necessary. The Court scheduled an evidentiary hearing on the alleged violation of the automatic stay for January 28, 2015 at 9:30 A.M. The Court asked the parties to exchange exhibits and witness lists by January 21, 2015.

The Court then turned to the debtor's motion for partial summary judgment. The Court explained that a bankruptcy case was not a traditional, two-party adversary law suit, and that in a bankruptcy, there was no "judgment" for a court to enter. The Court told the debtor that it could not grant the relief he requested—partial summary judgment—for that reason, even though Sandwich Kings, LLC had responded to the motion. The debtor orally withdrew the motion for partial summary judgment, which the Court allowed.

Finally, the Court addressed the filings of Marc Rassbach. The Court noted that this person had not filed a certificate of service proving that he had served his pleadings on the debtor. At that time, Mr. Rassbach made his appearance and stated that had had tried to serve the debtor, but that the debtor had never picked up his mail. The Court explained the service process to Mr. Rassbach, and he indicated that he would file a certificate of service. AT this point, the debtor interjected that Mr. Rassbach was not a creditor. Mr. Rassbach responded that he had a duty to apprise any judge when a felony had occurred. The Court informed Mr. Rassbach that it did not have jurisdiction over criminal proceedings, and suggested that if he believed the

2

Case 14-31425-gmh    Doc 98    Filed 12/11/14    Page 3 of 4

debtor had committed a crime, he discuss that with the United States Attorney's Office.

**WHEREFORE** the Court **DENIES** William Foley's motion to convert from Chapter 13 to Chapter 11.

The Court **GRANTS** William Foley's request to withdraw his motion for partial summary judgment.

**SO ORDERED** this 8th day of December, 2014, at Milwaukee, Wisconsin.

BY THE COURT:

Hon. Pamela Pepper
United States Bankruptcy Judge

3