THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: January 30, 2015

G. Michael Halfenger
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WISCONSIN
Court Minutes and Order

| | |
|---|---|
| CHAPTER: | 7 |
| DATE: | January 23, 2015 |
| JUDGE: | G. Michael Halfenger |
| CASE NO.: | 14-31425 |
| DEBTOR(S): | William J. Foley |
| NATURE OF HEARING: | Creditor, Marc Rassbach's (1) motion to reconsider an order; (2) motion for trustee to secure an asset; (3) emergency motion to compel turnover of login and password of locked iPad; and (4) motion for order of discovery |
| APPEARANCES: | Marc Rassbach, creditor appearing *pro se* |
| | Douglas Mann, chapter 7 trustee |
| COURTROOM DEPUTY: | Sara Hackbarth |
| LAW CLERK: | Nicholas G. Chmurski |

Mr. Foley contacted chambers on the morning of January 23, to inform the court that he was not going to attend the hearing on Mr. Rassbach's motions. Mr. Foley reported that he was feeling ill; he did not file a request to adjourn the hearing, nor did he notify either Mr. Rassbach or Mr. Mann of his intent not to appear. The court continued proceedings without Mr. Foley.

**(1) Mr. Rassbach's motion to reconsider.**

Responding to Mr. Rassbach's request, the court entered an order on December 15, 2014, pursuant to 11 U.S.C. §362(j). CM-ECF, No. 102. That order confirmed that the automatic stay terminated on October 10, 2014, 30 days after the debtor filed this case. *Id.*; see also 11 U.S.C. §362(c)(3). Mr. Rassbach's moved the court to reconsider.

Mr. Rassbach argued that the automatic stay was never in effect pursuant to §362(c)(4) because Mr. Foley had two cases dismissed in the previous year. The court explained that because one of the cases Mr. Rassbach was referring to was not Mr. Foley's case, but that of a separate

legal entity, Mr. Foley was not a debtor who had "2 or more single or joint cases . . . pending within the previous year [that] were dismissed". See §362(c)(4).

Accordingly, the court **DENIED** Mr. Rassbach's motion to reconsider.

**(2) Mr. Rassbach's motion to secure an asset.**

Mr. Rassbach explained that because the court already entered an order compelling Mr. Foley to turnover the spice recipes to the trustee, his motion was moot. See CM-ECF, No. 124.

Accordingly, the court **DENIED** Mr. Rassbach's motion to secure an asset as moot. The denial of the motion was without prejudice to Mr. Rassbach's right to file a motion to compel turnover should future developments justify such a motion.

**(3) Mr. Rassbach's motion to turnover the password and login information for an iPad.**

Mr. Rassbach explained that he purchased an iPad that was taken from Mr. Foley pursuant to a state-court execution order. Mr. Rassbach stated that the iPad was locked via a remote wipe, and Mr. Foley's password was required to unlock the device.

Because the iPad was intertwined with Mr. Foley's pending motion for violations of the automatic stay, and because Mr. Foley was the best, and perhaps only, source to get the requested information, the court **continued this matter to January 28, 2015, at 10:30 a.m. in Room 133.** The matter will be held in connection with the evidentiary hearing on Mr. Foley's motion for violations of the automatic stay.

**(4) Mr. Rassbach's motion for an order of discovery.**

Mr. Rassbach explained that he wanted to determine who filed the paperwork regarding the trademark application that Mr. Foley listed in his schedules; he believed that Mr. Foley might not have an ownership interest in the trademark application.

The court ruled that the discovery request was premature. Accordingly, the court **DENIED** Mr. Rassbach's motion for an order of discovery without prejudice.

Due to Mr. Foley's failure to attend both the hearing on Mr. Rassbach's motions and the Rule 2004 examination, the court adjourned the examination to **11:30 a.m. on January 28, 2015, in Room 133.** The court will issue a separate order compelling Mr. Foley's attendance.

SO ORDERED.

# # # # #