THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: January 30, 2015

G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

_____

In Re:

William J. Foley,   Case No. 14-31425-GMH

Debtor.   Chapter 7

_____

**ORDER FINDING WILLIAM FOLEY IN CONTEMPT OF COURT AND ORDERING HIS APPEARANCE ON FEBRUARY 12, 2015**

_____

Mr. Foley filed this bankruptcy case on September 10, 2014. This case was converted from chapter 13 to chapter 7 on November 25. On December 5, creditor Marc Rassbach moved for a Rule 2004 examination of Mr. Foley. CM-ECF, No. 91. I entered an order on December 15, granting Mr. Rassbach's request for a Rule 2004 examination of Mr. Foley. CM-ECF, No. 101. The December 15 order stated that the examination would occur on January 23, 2015, at 2:00 p.m. in Room 133 of the United States Courthouse. *Id.* It also ordered Mr. Foley to attend the examination. *Id.*

On the January 23, Mr. Foley contacted chambers and notified the court that he would not be attending either the Rule 2004 examination or the hearing scheduled to be heard the day. Mr. Foley told court staff that he was feeling ill, but he did not submit a written request showing cause for an adjournment, nor did he contact chambers with all interested parties to the hearing and examination on the line as my chambers' procedures direct. See Chambers Procedures for Judge Halfenger, *available at*

http://www.wieb.uscourts.gov/index.php/judges/judge-halfenger/procedures. Mr. Foley was told that the court had not rescheduled the hearing or the 2004 exam.

Nevertheless, Mr. Foley did not attend the hearing or the Rule 2004 examination on January 23, nor did he inform the other interested parties of his intent not to attend. As a result, I issued an order on January 23 setting a new date and time for the Rule 2004 examination: January 28 at 11:30 a.m. in Room 133. CM-ECF, No. 138. The order compelled Mr. Foley to attend both the Rule 2004 examination and the previously scheduled 10:30 a.m. evidentiary hearing. *Id.* at 1-2. It also explicitly stated that if "Mr. Foley fails to attend the Rule 2004 examination, without cause or prior court permission, he will be held in contempt". *Id.* at 2.

On the afternoon of January 27, Mr. Foley again telephoned chambers. He reported that he remained ill and would not be attending the evidentiary hearing and Rule 2004 examination on January 28. Chambers' staff reminded him that a court order required his attendance.

Mr. Foley did not appear on January 28, nor did he submit a written request showing cause for an adjournment.

Mr. Foley was properly served both of my December 15 order as well as my January 23 order. Both orders compelled his attendance at Rule 2004 examinations. His telephone calls show that he had actual knowledge of the orders. Mr. Foley also received notice of the evidentiary hearing scheduled held on January 28; that notice, like my orders, explicitly required his attendance. CM-ECF, No. 88. Mr. Foley, therefore, deliberately failed to attend the January 28 Rule 2004 examination.

Accordingly, the court orders that:

1. Mr. Foley **must** appear on **February 12, 2015, at 1:30 p.m. in Room 428A** of the United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin 53202, for both the continued §341 meeting of creditors and the adjourned Rule 2004 examination.

2

Case 14-31425-gmh    Doc 153    Filed 01/30/15    Page 2 of 3

2. If Mr. Foley fails to attend §341 meeting of creditors or the Rule 2004 examination on February 12, I will use my powers pursuant to 11 U.S.C. §105(a) to request that the U.S. Marshals escort Mr. Foley to a future hearing where I will conduct proceedings to determine appropriate sanctions.

#####