THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: January 30, 2015

G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

_____

In Re:

William J. Foley,  Case No. 14-31425-GMH

Debtor.  Chapter 7

_____

**ORDER COMPELLING WILLIAM FOLEY TO TURN OVER DOCUMENTS TO CHAPTER 7 TRUSTEE AND ORDERING HIS APPEARANCE ON FEBRUARY 19, 2015**
_____

Mr. Foley filed this bankruptcy case on September 10, 2014. This case was converted from chapter 13 to chapter 7 on November 25. On January 7, 2015, the chapter 7 trustee filed a motion for turnover. CM-ECF Doc. No. 119. On January 14, 2015, I issued an order granting in part and denying in part the trustee's motion. CM-ECF Doc. No. 126. I ordered the debtor to turn over certain documents to the trustee by January 28, 2015.

On January 29, 2015, the chapter 7 trustee filed a motion to turn over documents pursuant to court order. CM-ECF Doc. No. 148. The trustee informed the court that the debtor did not comply with my January 14, 2015, order and moved the court to schedule a hearing for contempt to compel the debtor to comply with the court's order.

Mr. Foley was properly served with my January 14 order compelling him to turn over the documents requested by the trustee. CM-ECF Doc. No. 130. Mr. Foley has engaged in a pattern of not complying with court orders. Mr. Foley was ordered to attend

a 2004 examination on January 23, 2015, (CM-ECF Doc. No. 101) and a hearing on January 28 (CM-ECF Doc. No. 138). He has refused to comply with those orders as well.

Mr. Foley's continued refusal to comply with court orders suggests that Mr. Foley is acting with the intent to hinder or delay the chapter 7 trustee and creditors, which may be cause for a denial of the discharge under 11 U.S.C. §727 and dismissal of his case, including a dismissal of his case with a bar from refiling a bankruptcy pursuant to 11 U.S.C. §109(g).

Mr. Foley is on the verge of running out of opportunities to avoid those results. To be clear, his compliance with this order to produce the documents and attend the February 12, 2015, hearing will not expunge his failure to comply with this court's previous orders. But such compliance may potentially mitigate the effect of his previous noncompliance, and may militate against the imposition of sanctions such as monetary fines (including daily fines for continued noncompliance), denial of the chapter 7 discharge, dismissal, and a bar from refiling a bankruptcy pursuant to 11 U.S.C. §109(g).

Accordingly, the court orders that:

1. Mr. Foley **must** appear on **February 12, 2015, at 1:30 p.m. in Room 428A** of the United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin 53202, for both the continued §341 meeting of creditors and the adjourned Rule 2004 examination.

2. If Mr. Foley fails to attend §341 meeting of creditors or the Rule 2004 examination on February 12, I will use my powers pursuant to 11 U.S.C. §105(a) to request that the U.S. Marshals escort Mr. Foley to a future hearing where I will conduct proceedings to determine appropriate sanctions.

3. On or before **February 12, 2015, at 1:30 p.m.,** Mr. Foley **must** provide all documents to the chapter 7 trustee that the court ordered Mr. Foley to produce on January 14, 2015.

4. If Mr. Foley fails to produce the required documents by **February 12, 2015, at 1:30 p.m.**, Mr. Foley will be held in contempt of court and will be subject to possible monetary sanctions, as well as incurring the risk that his chapter 7 discharge will be denied, that his case will be dismissed, and that he will be barred from refiling a bankruptcy for 180 days pursuant to 11 U.S.C. §109(g).

5. Mr. Foley **must** appear on **February 19, 2015, at 2:30 p.m. in Room 133** of the United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin 53202, for a hearing on the chapter 7 trustee's motion for turnover of documents.

#####