```
                        United States Bankruptcy Court
                         Eastern District of Wisconsin
```

In re:                                                          Case No. 14-31425-gmh
William J. Foley                                                Chapter 7
        Debtor
                            **CERTIFICATE OF NOTICE**

District/off: 0757-2        User: aes              Page 1 of 1         Date Rcvd: Feb 02, 2015
                            Form ID: pdfhrg        Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 04, 2015.
db          +William J. Foley,   11400 W. Bluemound Road,   Suite 300,   Brookfield, WI 53226-4049
cr          +Marc Rassbach,   PO Box 39,   Milwaukee, WI 53201-0039

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                           TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                           TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 04, 2015                          Signature:  /s/Joseph Speetjens

---

                      **CM/ECF NOTICE OF ELECTRONIC FILING**

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 30, 2015 at the address(es) listed below:
              Amy J. Ginsberg    on behalf of U.S. Trustee    Office of the U. S. Trustee amy.j.ginsberg@usdoj.gov
              Douglas F. Mann    dfmatty@aol.com, dfmann@ecf.epiqsystems.com
              Douglas F. Mann    on behalf of Trustee Douglas F. Mann dfmatty@aol.com,
               dfmann@ecf.epiqsystems.com
              Joan M. Shepard    on behalf of Creditor Attorney    Sandwich Kings, LLC, d/b/a Suburpia, et al.
               joanymsheep@gmail.com, jshepard@nistlerlaw.com
              Office of the U. S. Trustee    ustpregion11.mi.ecf@usdoj.gov
              Robert N. Meyeroff    on behalf of Creditor    Watercrest Investments rmeyeroff633@sbcglobal.net
                                                                                           TOTAL: 6

THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: January 30, 2015

G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN
Court Minutes and Order

| | |
|---|---|
| CHAPTER: | 7 |
| DATE: | January 28, 2015 |
| JUDGE: | G. Michael Halfenger |
| CASE NO.: | 14-31425 |
| DEBTOR(S): | William J. Foley |
| NATURE OF HEARING: | (1) Evidentiary hearing on debtor's motion alleging violations of the automatic stay; (2) continued hearing on Marc Rassbach's motion to compel turnover of the login and password for an iPad; and (3) preliminary hearing on Marc Rassbach's motion to dismiss for abuse pursuant to 11 U.S.C. §707(b) |
| APPEARANCES: | Marc Rassbach, creditor appearing *pro se* |
| | Joan Shepard, appearing for creditor Sandwich Kings, LLC, and Howard and Marietta Duncan |
| | Douglas Mann, chapter 7 trustee |
| COURTROOM DEPUTY: | Sara Hackbarth |
| LAW CLERK: | Nicholas G. Chmurski |

Mr. Foley did not appear, in violation of the court's January 23 order. He telephoned chambers on the afternoon of January 27 and reported that he was not going to attend because he was still feeling ill. Any request to adjourn a hearing set by the court must be made by a writing showing good cause and served on all interested parties. Mr. Foley did not file a motion or make a written request to adjourn the hearing. Because Mr. Foley did not make a written request and had not demonstrated adequate cause to excuse his nonappearance, the court held the scheduled proceedings in Mr. Foley's absence.

**(1) Evidentiary hearing on debtor's motion alleging violations of the automatic stay.**

Mr. Foley alleged that acts on September 10, 2014, to take property in his possession based a state-court execution order violated the automatic stay.

The facts implicated by his motion appear uncontested by the parties. Sandwich Kings, LLC, and others, obtained a money judgment in state court against Mr. Foley. Sandwich Kings obtained a writ of replevin; the Sheriff's Department sought to execute on property at Mr. Foley's apartment on September 10. Mr. Foley filed this bankruptcy petition while the Sheriff was collecting property in Mr. Foley's possession pursuant to the writ. When Mr. Foley returned to his apartment, he presented the notice of his bankruptcy petition to the Sheriff's Department. The Sherriff's deputies stopped gathering Mr. Foley's personal property, but kept possession of property that they had already removed from Mr. Foley's residence and had loaded onto their truck.

Ms. Shepard argued that the automatic stay was not violated because the replevin action took back property of Sandwich Kings. She contended that Mr. Foley had purchased the property on behalf of Sandwich Kings and retained it without Sandwich Kings' consent.

Ms. Duncan, a part owner of Sandwich Kings, LLC, testified that Mr. Foley, when serving as Sandwich Kings' business manager, purchased numerous items with funds from Sandwich Kings' bank account. Ms. Duncan explained that she authorized Mr. Foley to and observed him make several purchases of this type; she also stated that Mr. Foley made numerous unauthorized personal purchases. Ms. Duncan's testimony did not establish, however, whether particular seized personal property was property of Mr. Foley or Sandwich Kings. Ms. Duncan testified that the items seized from the replevin were being held in storage.

The court noted that Mr. Foley's motion for violations of the automatic stay had two components: whether the property taken during the replevin was property of the estate subject to the automatic stay, and whether the continued possession of it by Sandwich Kings is a violation of the stay.

Because Mr. Foley has the burden of proof and was not present to prosecute the motion, even though specifically ordered to be present, the court denied his request. The court ruled, however, that the evidence before it was insufficient to determine the extent to which the property the Sherriff's deputies took from Mr. Foley pursuant to the state-court order was property of the estate.

Accordingly, the court **ORDERED** as follows:

1. Sandwich Kings, LLC, must hold the property taken during the replevin until further court order.

2. **On or before February 11, 2015,** Sandwich Kings, LLC, must provide the trustee with a list of the property taken from Mr. Foley with an explanation as to what items it believes are not property of the estate.

3. After the trustee receives the list of property from Sandwich Kings, he shall determine whether or not there is a colorable claim that any of the items are property of the estate and notify Sandwich Kings **on or before February 25, 2015**, whether or not an appraisal of any of the property will be necessary.

4. To the extent Mr. Foley seeks damages for the alleged violation of the stay or any other relief not here ordered, that request is **DENIED.**

**(2) Continued hearing on Marc Rassbach's motion to compel turnover of the login and password for an iPad.**

Based on the record, and Mr. Foley's failure to appear and defend against the motion, as specifically ordered on January 23, the court **GRANTED** Mr. Rassbach's motion. Mr. Foley is **ORDERED** to turnover the login information and password for the iPad to Mr. Rassbach. Mr. Rassbach is **ORDERED** to maintain the iPad until Mr. Mann has an opportunity to decide whether he will seek to recover the iPad for the estate.

**(3) Preliminary hearing on Marc Rassbach's motion to dismiss for abuse pursuant to 11 U.S.C. §707(b).**

Mr. Rassbach explained that the trustee opposed his motion to dismiss and that he had no rebuttal.

Accordingly, the court **DENIED** Mr. Rassbach's motion to dismiss.

Because Mr. Foley failed to comply with the court's January 23 order that compelled his attendance at this hearing and the Rule 2004 examination that was scheduled to follow the hearing, the court ruled that Mr. Foley was in contempt. The court adjourned the Rule 2004 examination to **February 12, 2015, at 1:30 p.m. in Room 428** to be held in conjunction with the previously scheduled §341 meeting of creditors, which the court has ordered Mr. Foley to attend. The court will issue a separate order commanding Mr. Foley's appearance at the adjourned Rule 2004 examination.

SO ORDERED.

# # # # #