UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:  CASE NO. 14-31425-GMH
(Chapter 7)

WILLIAM J. FOLEY

Debtor

**MOTION TO COMPEL COMPLIANCE WITH COURT ORDERS OF JANUARY 30, 2015 (DOCKET #153 & #154)**

Now comes Douglas F. Mann, Trustee in Bankruptcy of the above-named Debtors, and moves the Court as follows:

1. That the undersigned is the duly appointed, qualified, and acting Chapter 7 Trustee of the above-named Debtor.

2. The Debtor has failed to appear at numerous §341 Meetings nor produce any documents as requested by the Trustee and ordered by the Court.

3. On January 30, 2015 (copy of Order attached) the Court ordered Mr. Foley to appear on February 12, 2015 at 1:30pm in Room 428 of the US Courthouse for both the §341 Meeting of Creditors and the adjourned Rule 2004 Examination.

4. The debtor did not appear and the Trustee, Creditor Marc Rassbach and Joan Shepard as Attorney for Sandwich Kings, LLC d/b/a Suburpia, et al appeared at that date and time and waited approximately (45) minutes.

5. The debtor failed to appear either in Room 428a or b or the Courtroom to be examined.

6. On January 30, 2015 (copy of Order attached) the Court ordered the Debtor to appear on February 12, 2015 at 1:30pm in Room 428 of the US Courthouse for the §341 Meeting of Creditors and Rule 2004 Examination. The Court also ordered him to provide the documents required by the Court Order of January 14, 2015 on or before that date and time.

7. The debtor did not appear at the continued §341 Meeting of Creditors and Rule 2004 Examination nor produce any documents. On January 30, 2015 the Court ordered sanctions could be imposed and the Court would use its powers under 11 U.S.C. §105(a) to request the US Marshalls escort Mr. Foley to a future hearing to

determine appropriate sanctions.

WHEREFORE, Trustee moves the Court as follows:
1. For such Orders as are necessary to compel compliance with the (2) aforementioned Court Orders.
2. For imposition of sanctions including Attorney's fees and expenses and such other sanctions as the Court may impose.
3. For such other relief as is necessary to compel the production of documents and the appearance of the Debtor at a Rule 2004 Examination, §341 Meeting of Creditors and such other hearings as the Court may schedule.
4. For such other and further relief as is necessary.

Dated at Milwaukee, Wisconsin, this 12th day of February, 2015

_____
DOUGLAS F. MANN
Chapter 7 Trustee

THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: January 30, 2015

G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In Re:

William J. Foley,   Case No. 14-31425-GMH

Debtor.   Chapter 7

ORDER FINDING WILLIAM FOLEY IN CONTEMPT OF COURT AND ORDERING
HIS APPEARANCE ON FEBRUARY 12, 2015

    Mr. Foley filed this bankruptcy case on September 10, 2014. This case was converted from chapter 13 to chapter 7 on November 25. On December 5, creditor Marc Rassbach moved for a Rule 2004 examination of Mr. Foley. CM-ECF, No. 91. I entered an order on December 15, granting Mr. Rassbach's request for a Rule 2004 examination of Mr. Foley. CM-ECF, No. 101. The December 15 order stated that the examination would occur on January 23, 2015, at 2:00 p.m. in Room 133 of the United States Courthouse. *Id.* It also ordered Mr. Foley to attend the examination. *Id.*

    On the January 23, Mr. Foley contacted chambers and notified the court that he would not be attending either the Rule 2004 examination or the hearing scheduled to be heard the day. Mr. Foley told court staff that he was feeling ill, but he did not submit a written request showing cause for an adjournment, nor did he contact chambers with all interested parties to the hearing and examination on the line as my chambers' procedures direct. See Chambers Procedures for Judge Halfenger, *available at*



http://www.wieb.uscourts.gov/index.php/judges/judge-halfenger/procedures. Mr. Foley was told that the court had not rescheduled the hearing or the 2004 exam.

Nevertheless, Mr. Foley did not attend the hearing or the Rule 2004 examination on January 23, nor did he inform the other interested parties of his intent not to attend. As a result, I issued an order on January 23 setting a new date and time for the Rule 2004 examination: January 28 at 11:30 a.m. in Room 133. CM-ECF, No. 138. The order compelled Mr. Foley to attend both the Rule 2004 examination and the previously scheduled 10:30 a.m. evidentiary hearing. *Id.* at 1-2. It also explicitly stated that if "Mr. Foley fails to attend the Rule 2004 examination, without cause or prior court permission, he will be held in contempt". *Id.* at 2.

On the afternoon of January 27, Mr. Foley again telephoned chambers. He reported that he remained ill and would not be attending the evidentiary hearing and Rule 2004 examination on January 28. Chambers' staff reminded him that a court order required his attendance.

Mr. Foley did not appear on January 28, nor did he submit a written request showing cause for an adjournment.

Mr. Foley was properly served both of my December 15 order as well as my January 23 order. Both orders compelled his attendance at Rule 2004 examinations. His telephone calls show that he had actual knowledge of the orders. Mr. Foley also received notice of the evidentiary hearing scheduled held on January 28; that notice, like my orders, explicitly required his attendance. CM-ECF, No. 88. Mr. Foley, therefore, deliberately failed to attend the January 28 Rule 2004 examination.

Accordingly, the court orders that:

1. Mr. Foley **must** appear on **February 12, 2015, at 1:30 p.m. in Room 428A** of the United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin 53202, for both the continued §341 meeting of creditors and the adjourned Rule 2004 examination.

2. If Mr. Foley fails to attend §341 meeting of creditors or the Rule 2004 examination on February 12, I will use my powers pursuant to 11 U.S.C. §105(a) to request that the U.S. Marshals escort Mr. Foley to a future hearing where I will conduct proceedings to determine appropriate sanctions.

#####

THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: January 30, 2015

G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In Re:

William J. Foley,                                  Case No. 14-31425-GMH

            Debtor.                                Chapter 7

**ORDER COMPELLING WILLIAM FOLEY TO TURN OVER DOCUMENTS TO CHAPTER 7 TRUSTEE AND ORDERING HIS APPEARANCE ON FEBRUARY 19, 2015**

Mr. Foley filed this bankruptcy case on September 10, 2014. This case was converted from chapter 13 to chapter 7 on November 25. On January 7, 2015, the chapter 7 trustee filed a motion for turnover. CM-ECF Doc. No. 119. On January 14, 2015, I issued an order granting in part and denying in part the trustee's motion. CM-ECF Doc. No. 126. I ordered the debtor to turn over certain documents to the trustee by January 28, 2015.

On January 29, 2015, the chapter 7 trustee filed a motion to turn over documents pursuant to court order. CM-ECF Doc. No. 148. The trustee informed the court that the debtor did not comply with my January 14, 2015, order and moved the court to schedule a hearing for contempt to compel the debtor to comply with the court's order.

Mr. Foley was properly served with my January 14 order compelling him to turn over the documents requested by the trustee. CM-ECF Doc. No. 130. Mr. Foley has engaged in a pattern of not complying with court orders. Mr. Foley was ordered to attend



a 2004 examination on January 23, 2015, (CM-ECF Doc. No. 101) and a hearing on January 28 (CM-ECF Doc. No. 138). He has refused to comply with those orders as well.

Mr. Foley's continued refusal to comply with court orders suggests that Mr. Foley is acting with the intent to hinder or delay the chapter 7 trustee and creditors, which may be cause for a denial of the discharge under 11 U.S.C. §727 and dismissal of his case, including a dismissal of his case with a bar from refiling a bankruptcy pursuant to 11 U.S.C. §109(g).

Mr. Foley is on the verge of running out of opportunities to avoid those results. To be clear, his compliance with this order to produce the documents and attend the February 12, 2015, hearing will not expunge his failure to comply with this court's previous orders. But such compliance may potentially mitigate the effect of his previous noncompliance, and may militate against the imposition of sanctions such as monetary fines (including daily fines for continued noncompliance), denial of the chapter 7 discharge, dismissal, and a bar from refiling a bankruptcy pursuant to 11 U.S.C. §109(g).

Accordingly, the court orders that:

1. Mr. Foley **must** appear on **February 12, 2015, at 1:30 p.m.** in **Room 428A** of the United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin 53202, for both the continued §341 meeting of creditors and the adjourned Rule 2004 examination.

2. If Mr. Foley fails to attend §341 meeting of creditors or the Rule 2004 examination on February 12, I will use my powers pursuant to 11 U.S.C. §105(a) to request that the U.S. Marshals escort Mr. Foley to a future hearing where I will conduct proceedings to determine appropriate sanctions.

3. On or before **February 12, 2015, at 1:30 p.m.,** Mr. Foley **must** provide all documents to the chapter 7 trustee that the court ordered Mr. Foley to produce on January 14, 2015.

4. If Mr. Foley fails to produce the required documents by **February 12, 2015, at 1:30 p.m.**, Mr. Foley will be held in contempt of court and will be subject to possible monetary sanctions, as well as incurring the risk that his chapter 7 discharge will be denied, that his case will be dismissed, and that he will be barred from refiling a bankruptcy for 180 days pursuant to 11 U.S.C. §109(g).

5. Mr. Foley **must** appear on **February 19, 2015, at 2:30 p.m. in Room 133** of the United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin 53202, for a hearing on the chapter 7 trustee's motion for turnover of documents.

#####

3

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:  CASE NO. 14-31425-GMH
(Chapter 7)

WILLIAM J. FOLEY

Debtor

## NOTICE OF MOTION TO COMPEL COMPLIANCE WITH COURT ORDERS OF JANUARY 30, 2015 (DOCKET #153 & #154)

TO THE CREDITORS AND OTHER INTERESTED PARTIES OF THE DEBTOR:

DOUGLAS F. MANN, Chapter 7 Trustee, has filed papers with the Court  A copy of the Motion has been filed with the Court.

**<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to approve the relief sought in the motion, or if you want the Court to consider your views on the motion, then by **February 18, 2015** you or your attorney must:

1. File with the Court a written objection stating the legal and factual basis for your objection at the following address:

    Clerk of the Bankruptcy Court
    U. S. Courthouse
    517 East Wisconsin Avenue, Room 126
    Milwaukee, Wisconsin 53202

2. If you mail your objection to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

3. You must also mail a copy of your objection to:

    Douglas F. Mann
    Chapter 7 Trustee
    740 North Plankinton Avenue, #210
    Milwaukee, Wisconsin 53203

    and

U. S. Trustee
U. S. Courthouse
517 East Wisconsin Avenue, Suite 430
Milwaukee, Wisconsin 53202

4. Attend the hearing at such date and time as may be scheduled by the Court.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Dated in Milwaukee, Wisconsin 12th day of February, 2015

/s/ Douglas F. Mann
DOUGLAS F. MANN
Chapter 7 Trustee

Douglas F. Mann
Trustee in Bankruptcy
River Bank Plaza, Suite 210
740 North Plankinton Avenue
Milwaukee, Wisconsin 53203
(414) 276-5355 (telephone)
(414) 276-5350 (facsimile)

blb

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:  CASE NO. 14-31425-GMH
(Chapter 7)
WILLIAM J. FOLEY
Debtor

## CERTIFICATE OF SERVICE BY MAIL

I, CHARLES MANN, of the law offices of Douglas F. Mann, Attorney at Law, 740 North Plankinton Avenue, Suite 210, Milwaukee, Wisconsin, 53203-2403, certify:

That I am, and at all times hereinafter mentioned was, more than 18 years of age;

That on the 12th day of February, 2015 I served a copy of the within *Notice of Motion and Motion to Compel Compliance* on the following parties:

U. S. Trustee
**Via electronic service**

Mr. William J. Foley
11400 West Bluemound Road, Suite 300
Brookfield, Wisconsin 53226

**Via First Class Mail**

Ms. Joan M. Shepard
Nistler & Condon, SC
7000 West North Avenue
Wauwatosa, Wisconsin 53213

**Via First Class Mail**

Mr. Marc Rassbach
PO Box 39
Milwaukee, Wisconsin 53201-0039

EXECUTED ON:    February 12, 2015

_____
CHARLES MANN