UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN
Court Minutes and Order

| | |
|---|---|
| CHAPTER: | 7 |
| DATE: | February 19, 2015 |
| JUDGE: | G. Michael Halfenger |
| CASE NO.: | 14-31425 |
| DEBTOR: | William J. Foley |
| NATURE OF HEARING: | (1) Trustee's application to employ William Rinehart as attorney for the trustee; (2) motion to compel turnover of documents; (3) motion to compel attendance |
| APPEARANCES: | Douglas Mann, chapter 7 trustee |
| | Marc Rassbach, creditor appearing *pro se* |
| COURTROOM DEPUTY: | Sara Hackbarth |
| LAW CLERK: | Nicholas G. Chmurski |

The court held a consolidated hearing on several motions brought by the trustee. It also took up several motions filed by creditor Marc Rassbach.

Mr. Foley failed to attend the hearing despite being ordered to do so.

The court first addressed the trustee's application to employ William Rinehart. Mr. Mann explained that he wanted to employ Mr. Rinehart to pursue the information he requested in a subpoena served on Mid America Seasoning, Inc.; Mr. Mann indicated that Mid America had been unresponsive so far. The court questioned the need to employ counsel for that task—seemingly, the trustee can seek to enforce the subpoena and can also request a Rule 2004 examination, if he deems one necessary. Mr. Mann acknowledged this.

Based on record, the court **DECLINED** to approve the trustee's application to employ William Rinehart.

The court next took up the trustee's motions to compel turnover of documents and the attendance of Mr. Foley. The court proposed issuing an order to show cause why Mr. Foley's discharge should not be denied under 11 U.S.C. §727(a)(6)(A) for refusal to obey court orders, and reserving other enforcement mechanisms like ordering sanctions, having the U.S. Marshals escort Mr. Foley to a contempt hearing, and dismissing his case outright. Mr. Mann agreed to the course.

The court will issue a separate order to show cause.

Mr. Mann inquired about his motions to extend the time to object to discharge and to delay discharge. The court indicated that it would grant the trustee's motion to extend the time

to object to discharge, but questioned the purpose of the separate extension of time to delay discharge. Mr. Mann explained that the latter was a custom of the district under prior practice, but acknowledged that the relief is unnecessary if the motion to extend the time to object to discharge is granted.

Accordingly, the court **GRANTED** the trustee's motion to extend the time to object to Mr. Foley's discharge; it will enter a separate order. The court also **DENIED** the trustee's motion to delay Mr. Foley's discharge as moot.

The court then turned to Mr. Rassbach's motions for (1) deeper examination into a $100 million name claim, docket number 169; (2) further examination of Shamrock Wholesale, docket number 170; and (3) other creditors to appear and testify, docket number 171.

Mr. Rassbach explained that his requests for a "deeper examination", (1) above, and examination of Shamrock Wholesale, (2) above, were intertwined. Mr. Rassbach wanted to examine Mr. Foley and his business, Shamrock Wholesale, in association with Suburpia's 1981 bankruptcy and Mr. Foley's business dealings since.

The court noted that these avenues were already being pursued by Mr. Mann in association with his enforcement of his subpoena on Mid America Seasoning, Inc. The court also noted that it had already granted Mr. Rassbach's motion for a 2004 examination of William Foley, and he could ask Mr. Foley any questions related to these motions if and when an examination takes place.

Based on the record, the court **DENIED without prejudice** Mr. Rassbach's motions for a deeper examination, (1) above, and an examination of Shamrock Wholesale, (2) above.

Mr. Rassbach next explained that his motion for other creditors to appear and testify, (3) above, was directed at the IRS and Wisconsin Department of Revenue. Mr. Rassbach believed that Mr. Foley lied at the §341 meeting of creditors when he claimed to have filed tax returns for a certain period of time before this bankruptcy; Mr. Rassbach wanted confirmation from the IRS and the Department of Revenue for the purpose of establishing that Mr. Foley perjured himself.

The court noted that if Mr. Foley did perjure himself, the court could simply deny his discharge—a route that the court was already considering based on Mr. Foley's failure to obey court orders. Consequently, the court **DENIED without prejudice** Mr. Rassbach's motion for other creditors to appear and testify, (3) above.

SO ORDERED.

February 27, 2015

G. Michael Halfenger
United States Bankruptcy Judge