THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: March 27, 2015

G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN
_____

In Re:

William J. Foley,                                          Case No. 14-31425-GMH

          Debtor.                                          Chapter 7
_____

**ORDER DENYING DEBTOR'S DISCHARGE UNDER 11 U.S.C. §727(a)(6)(A) FOR REFUSAL TO OBEY COURT ORDERS**
_____

      Mr. Foley filed this case on September 10, 2014. Since November 26, Mr. Foley has refused to obey no less than six court orders commanding his attendance at hearings and commanding him to turn over documents. See CM-ECF, Doc. Nos. 124, 134, 138, 153, 154 & 188.

      On February 19, 2015, Mr. Foley failed to appear at a hearing on the trustee's motion for turnover of documents after being ordered to do so. See CM-ECF, Doc. No. 154.

      I have already held Mr. Foley in contempt of court, warned him of possible monetary sanctions, and cautioned him that his appearance might be compelled should he continue refusing to appear in the face of orders requiring him to do so. See CM-ECF, Doc. Nos. 153, 154. Mr. Foley persisted in his disobedience.

      On February 27, 2015, I issued an order requiring Mr. Foley to appear at a hearing on March 23, 2015, and show cause why he should not be denied a discharge under 11 U.S.C. §727(a)(6)(A) for repeated failure to comply with court orders. CM-ECF, Doc. No. 188. I warned Mr. Foley that failure to appear and proffer a showing of cause on March 23

would be grounds for a denial of discharge under §727(a)(6)(A), as well as other sanctions. Mr. Foley did not appear at the March 23 hearing.

Pursuant to section 727(a)(6)(A) of Title 11 of the United States Code, the court can deny a discharge if "the debtor has refused, in the case —(A) to obey any lawful order of the court, other than an order to respond to a material question or to testify." The debtor has failed to comply with at least six orders of the court. See CM-ECF, Doc. Nos. 124, 134, 138, 153, 154 & 188. The court has the power to raise the issue of denial of discharge *sua sponte* "to prevent an abuse of process." 11 U.S.C. §105(a).

The debtor's repeated and willful failure to comply with lawful court orders, and to turn over documents and information to the chapter 7 trustee, is an abuse of process and provides ample support for the denial of the debtor's discharge under §727(a)(6)(A).

IT IS HEREBY ORDERED that the debtor is not entitled to a discharge in this case pursuant to §727(a)(6)(A).

#####