UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| In re: | Case No. 14-31425-GMH |
|---|---|
| | (Chapter 7) |
| WILLIAM J. FOLEY | |
| Debtor | |

## NOTICE OF TRUSTEE'S PROPOSED ABANDONMENT

Douglas F. Mann, the Trustee in this case intends to abandon the Estate's interest in certain property, as described below, pursuant to 11 U.S.C. §554.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in the bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the Trustee's motion to abandon the Estate's interest in property pursuant to §554, or if you want the Court to consider your views on the matter, then on or before **May 7, 2015** you or your attorney must:

1. File with the Court a written objection to the abandonment and a request for a hearing at:

    Clerk, U. S. Bankruptcy Court
    Room 126, Federal Courthouse
    517 E. Wisconsin Avenue
    Milwaukee, WI 53202

2. If you mail your objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

3. You must also mail a copy to:

    Office of the U. S. Trustee           Douglas F. Mann, Ch. 7 Trustee
    517 E. Wisconsin Ave., Rm. 430        740 N. Plankinton Ave., #210
    Milwaukee, WI 53202                   Milwaukee, WI 53203

If you or your attorneys do not take these steps, the Court may decide that you do not oppose the relief sought in the Trustee's notice and may enter an order granting that relief. The Trustee intends to abandon the Estate's interest in the following property for the reasons set forth:

INTNT ABAN (012299) Form C1

The Debtor filed Bankruptcy on September 10, 2014. He disclosed an interest in some recipes which he valued at $500,000,000.00 and certain trade names which he valued at $100,000,000.00. Information provided during the Bankruptcy proceedings would indicate that some other assets were seized by a creditor prior to the filing of Bankruptcy. Trustee has been unable to obtain the "recipes" from a third-party provider despite substantial effort and Motions before the Court. The provider has retained one and now another attorney to defend them from releasing this information believing it as protected under a Confidentiality Agreement.

In this process, Trustee has received reasonably verified information that the "recipes" may not be so secretive or known such that they have any market value. It appears that the debtor ordered spices in bulk and apparently did the mixing and formulations himself. In addition, whatever recipes may have existed may have been seized and remain on computers that do not work seized by a creditor.

In addition, the debtors discharge has now been denied by the Bankruptcy Court thus creditors can pursue their remedies in State Court. Trustee has no funds to litigate with either the provider or the debtor. In addition, Trustee concludes that the assets listed by the debtor are not worth the cost of their recovery of liquidation. No information exists regarding any "trade name" filings or their value.

Finally, substantial claims have already been filed. Thus, any recovery would go only to tax departments including Wisconsin Department of Revenue $1,455,652.95; IRS $159,816.73; Wisconsin Department of Revenue $52,808.85. Total claims filed $3,718,623.15.

For all the above reasons Trustee concludes that the assets consisting of the "recipes" valued at $500,000,000.00 by the debtor and the trade names valued at $100,000,000.00 are of no value and burdensome to the Bankruptcy Estate and should be abandoned as having no value.

The Trustee reserves the right to withdraw from the proposed abandonment should circumstances require. Requests for additional information should be directed to the Trustee.

Date: 4-7-15

Douglas F. Mann
Chapter 7 Trustee
740 N. Plankinton Ave., #210
Milwaukee, WI 53203
(414) 276-5355 (telephone)
(414) 276-5350 (facsimile)

blb