THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: August 6, 2015

G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN
Court Minutes and Order

| | |
|---|---|
| CHAPTER: | 7 |
| DATE: | July 30, 2015 |
| JUDGE: | G. Michael Halfenger |
| CASE NO.: | 14-31425 |
| DEBTOR: | William J. Foley |
| NATURE OF HEARING: | (1) Status hearing, (2) trustee's abandonment of recipes; Marc Rassbach's objection, (3) Marc Rassbach's motion for detention of William Foley, (4) Marc Rassbach's motion for Apple as third party to unlock iPad, and (5) Marc Rassbach's July 21 motions |
| APPEARANCES: | Douglas Mann, chapter 7 trustee |
| | Marc Rassbach, creditor appearing *pro se* |
| | Elizabeth Eddy, appearing for Mid American Seasoning |
| COURTROOM DEPUTY: | Sara Hackbarth |
| LAW CLERK: | Nicholas G. Chmurski |

The court held a consolidated hearing on the status of the case along with the trustee's motion to abandon and multiple motions filed by Marc Rassbach. The court first addressed the status of the case.

**(1) Status of the case**

Mr. Mann reported that there were no assets to be administered. Mr. Mann indicated that his investigation into the spice recipes and trade name listed on Mr. Foley's schedules led him to conclude that neither had marketable value, and that any value that could be recovered would come at a uneconomical cost to the estate. Consequently, Mr. Mann argued that his motion to abandon should be granted and that there was nothing else for the court to do but dismiss the case.

**(2) Trustee's motion to abandon**

Ms. Eddy stated that Mid American simply supplied Mr. Foley with spices in bulk and did not mix any of the spices for Mr. Foley. Ms. Eddy explained that Mid American supported the trustee's motion to abandon.

Mr. Rassbach opposed the motion and explained that his interest in doing so was to prevent Mr. Foley from operating a sandwich shop going forward.

The court noted that the record was not clear about whether or not Mr. Foley was even lawfully in possession of either the spice recipes or the trade name. Based on the record, the court GRANTED the trustee's motion to abandon.

Having determined that there were no assets to administer, the court indicated that it would dismiss Mr. Foley's case.

**(3) Marc Rassbach's motion for detention of William Foley**

The court and the parties agreed that Mr. Foley was in the custody of the State of Wisconsin. The court indicated that dismissing the case based on Mr. Foley's repeated refusals to attend hearings and comply with court orders was preferable to ordering him to be produced for an appearance at this late date.

**(4) Marc Rassbach's motion for Apple as third party to unlock iPad**

Mr. Rassbach indicated the court had previously ordered Mr. Foley to turn over the password and login to the iPad, but Mr. Foley had refused to do so. Mr. Rassbach stated that Apple has the ability to unlock the device for him, but requires a court order to do so.

The court noted that Apple was not a party to this case, so the court could not properly order Apple to do anything. However, the court did ORDER that Mr. Rassbach is the owner of the iPad with serial number F5RKXNH1DFHW and that he is entitled to all incidents of such ownership.

**(5) Marc Rassbach's July 21 motions**

Mr. Rassbach filed four motions on July 21: (i) a motion to move proceedings to an Article III judge, (ii) a motion to have the U.S. Marshals escort Mr. Foley to hearings, (iii) a motion for an injunction to prevent destruction of the contents of 11400 W. Bluemound Road, and (iv) a motion to restrict future filings of Mr. Foley until in compliance with previous court orders.

The parties agreed that these motions would be moot, if the court dismisses Mr. Foley's case.

Based on the record, and considering Mr. Foley's failure to cooperate and appear at numerous hearings, despite being under court order to do so, the court found that Mr. Foley had caused unreasonable delay that is prejudicial to his creditors and DISMISSED his case under 11 U.S.C. §707(a)(1).

So ordered.

# # # # #